UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-73-KAC-JEM |
| | ) | |
| JOSE MEZA ROSAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Motion to Continue Trial and Related Hearings and Deadlines [Doc. 18], filed by Defendant Jose Meza-Rosas on September 15, 2025, and the Government's Motion to Extend Response Deadline [Doc. 19], filed the next day.

Defendant requests the Court to continue the trial date, set for October 14, 2025, and all other deadlines set forth in the Court's scheduling order [*Id.*; *see* Doc. 15]. In support of his motion, Defendant states that defense counsel needs additional time to adequately prepare for trial [*Id.* ¶ 1]. Defendant notes that he is charged with five counts of distribution of cocaine, one count of possession with intent to distribute cocaine, and one count of being an illegal alien in possession of a firearm [*Id.* ¶ 2]. Defendant states that the Government's discovery includes photos, reports, surveillance videos, undercover buys, and phone records [*Id.* ¶ 3]. The Government provided Defendant with more discovery on September 8, 2025, which included additional videos, search warrants, and photos, and defense counsel has not had the time to review most of these items [*Id.* ¶ 4]. Finally, Defendant states negotiations are ongoing to reach a suitable resolution, but additional time is needed [*Id.* ¶ 5]. Defendant understands that the period of time between the filing

of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 6]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 8].

In the Government's motion, it asks for additional time, through October 14, 2025, to respond to Defendant's pretrial motions [Docs. 16 & 17], noting its current deadline to respond is September 23, 2025 [Doc. 19 pp. 1–2]. It needs additional time because the parties are engaged in plea negotiations, and if they reach an agreement, that would "eliminate the need for the Court to resolve [the] motions" [*Id.* at 1]. The Government represents that defense counsel does not object to the request [*Id.*].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). In this regard, on September 1, 2025, Defendant filed two motions: a Motion to Dismiss Count Seven [Doc. 16] and a Motion to Bifurcate Count 7 [Doc. 17]. The Government's deadline to respond to these motions is currently September 23, 2025, but it seeks an extension of time to respond because the parties are engaged in plea negotiations. Defense counsel needs for more time to review, discuss, and evaluate discovery with Defendant, consider a plea agreement, and litigate pretrial motions that are not yet ripe for disposition and otherwise prepare for trial if plea

2

negotiations are not fruitful. The Court finds that all of this cannot occur before the October 14, 2025 trial date.

The Court therefore **GRANTS** Defendant Jose Meza-Rosas' Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 18**]. The trial of this case is reset to **February 17, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 15, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jose Meza Rosas' Motion to Continue Trial and Related Hearings and Deadlines [**Doc. 18**] is **GRANTED**;

(2) for good cause shown, the Government's Motion to Extend Response Deadline [**Doc. 19**] is **GRANTED**;

(3) the trial of this matter is reset to commence on **February 17, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(4) the Government shall file their responses to Defendant's motions on or before **October 14, 2025**;

(5) all time between the filing of the motion on **September 15, 2025**, and the new trial date of **February 17, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 16, 2026**;

(7) the deadline for filing motions *in limine* is **February 2, 2026**, and responses to motions *in limine* are due on or before **February 10, 2026**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **February 3, 2026, at 11:30 a.m.**; and

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 13, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge